UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 06 2011 ★
BROOKLYN OFFICE

UNITED STATES OF AMERICA,

– against –

SANDRA RICHARD,

          Defendant.

11-CR-285

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On June 17, 2011, Sandra Richard pled guilty to Count One of a two-count indictment, which charged that on April 1, 2011 the defendant imported cocaine into the United States from a place outside thereof, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1).

Richard was sentenced on October 4, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be seventeen and defendant's criminal history category to be category I, yielding a guidelines range of twenty-four to thirty months of imprisonment. The offense carries a minimum term of imprisonment of five years and a maximum term of imprisonment of forty years. 21 U.S.C. § 960(b)(2)(B)(ii). It was conceded by the defendant and the government, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met, and the statutory minimum sentence did not apply. The guidelines range of fine was from $5,000 to $1,000,000. Count Two of the indictment was dismissed. *See* Tr. of Sentencing Hr'g, Oct. 4, 2011.

Richard was sentenced to time served and three years of supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that she will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*, 543 U.S. 220.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Richard is highly skilled and has a history of lawful employment as a geriatric nurse in her home country of Trinidad. She is the mother of two children, ages fourteen and four years old. While traveling to visit her family here in the United States, she was induced to smuggle drugs in her luggage by the promise of $5,000, with which she planned to open a clothing shop. Drug importation is a serious offense, facilitating addiction and fueling other illegal activities associated with the drug trade. The defendant served six months in prison prior to being sentenced; in view of the age of her children, long incarceration is undesirable.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a message that any involvement in drug importation will result in prison time. Specific deterrence is achieved through defendant's prior incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that she will engage in further criminal activity in light of her remorse and her close ties to her family. A sentence of time served—effectively, to six months of incarceration—reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Jack B. Weinstein
Senior United States District Judge

Dated: October 4, 2011
Brooklyn, New York

3